UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE FERNANDO CHAVEZ,

                    Petitioner,

        v.

PAMELA BONDI, United States Attorney;
BRUCE SCOTT, Warden, UNITED
STATES OF AMERICA,

                    Respondents.

CASE NO. 2:26-cv-00217-TL

ORDER ON PETITION FOR WRIT
OF HABEAS CORPUS

    This matter is before the Court on Petitioner Jose Fernando Chavez's Petition for a Writ of Habeas Corpus ("habeas petition"). Dkt. No. 7. Having reviewed the petition, Respondents' Return[1] (Dkt. No. 15), Petitioner's Traverse (Dkt. No. 18), and the relevant record, the Court DENIES the Petition.

---

[1] As used in this order, the term "Respondents" includes all Respondents except Respondent Scott. Respondent Scott has not responded to the habeas petition and has not appeared in this case.

ORDER ON WRIT OF HABEAS CORPUS – 1

## I.    BACKGROUND

Petitioner Jose Fernando Chavez is a native and citizen of El Salvador. Dkt. No. 15 at 2. Respondents are Pamela Bondi, U.S. Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security ("DHS"); and Bruce Scott,[2] Warden of the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.

Petitioner entered the United States "at an unknown date, time, and place." *Id.* On January 20, 2023, immigration officials encountered Petitioner at a traffic stop near Osburn, Idaho. Dkt. No. 17-1 (Report of Deportable/Inadmissible Alien) at 4. U.S. Customs and Border Patrol ("CBP") determined that Petitioner was a "[noncitizen] present in the United States who had not been inspected, admitted, [or] paroled into the United States legally." Dkt. No. 15 at 3; Dkt. No. 16 (Hubbard Declaration) ¶¶ 3, 4. On January 21, 2023, DHS issued a Notice of Custody Determination and determined that Petitioner would be detained, "pending a final administrative determination in [his] case." Dkt. No. 17-2 (Notice of Custody Determination) at 2. On January 23, 2023, Petitioner was transported to NWIPC, where he has been detained ever since. Dkt. No. 16 ¶ 6. Petitioner was charged as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i) (Dkt. No. 17-3 (Notice to Appear) at 2), and an immigration judge ("IJ") found Petitioner removable as charged (Dkt. No. 17-4 (EOIR Decision) at 2).

---

[2] Although the U.S. Attorney's Office states that it does not represent the NWIPC warden (*see* Dkt. No. 15 at 1 n.1), and the warden has not appeared or otherwise participated in this case, the Court finds that it is still appropriate to proceed and adjudicate the merits of the petition here, because: (1) the purpose of naming the custodian in a habeas petition is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary" (citation modified)); and (2) the federal government often represents the warden's interests, as it does in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

On February 9, 2023, Petitioner attended a bond hearing before an IJ. Before a decision could be rendered, however, Petitioner withdrew his request without prejudice and waived appeal. *See Chavez v. Immigr. & Customs Enf't Field Off. Dir. ("Chavez I")*, No. C23-1361, 2024 WL 1661159, at *1 (W.D. Wash. Jan. 25, 2024), *report and recommendation adopted* 2024 WL 1658973 (Apr. 17, 2024). On August 8, 2023, Petitioner applied for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. *Id.*; *see* Dkt. No. 17-4 at 1.

While Petitioner's applications for administrative relief were pending, on October 23, 2023, Petitioner filed a petition for writ of habeas corpus in district court. *Chavez I*, 2024 WL 1661159, at *1. In opposing Petitioner's petition, the Government argued that Petitioner had not exhausted his administrative remedies. *Id.* at *3. The court found that Petitioner had not refuted the Government's showing and declined to waive the administrative-exhaustion requirement. *See id.* The court denied the petition. *Id.*

After the district court denied Petitioner's habeas petition, the immigration court ruled on Petitioner's administrative applications. On January 9, 2024, an IJ denied all four applications and ordered that Petitioner be removed to El Salvador. *Id.* at 15. Petitioner appealed the decision, and on May 28, 2024, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision and dismissed the appeal. Dkt. No. 17-5 (BIA Decision) at 6. On June 4, 2024, Petitioner appealed the BIA decision to the Ninth Circuit. Dkt. No. 16 ¶ 10. On November 24, 2024, the Ninth Circuit remanded the case back to BIA for further consideration. *Id.* ¶ 11. On July 17, 2025, the BIA remanded the case to the IJ for entry of a new decision. *Id.* ¶ 12. On December 9, 2025, the IJ entered a new order that denied all of Petitioner's applications for relief and again ordered Petitioner removed to El Salvador. *Id.* ¶ 13. Petitioner appealed the new order to the BIA, where the case remains pending. *Id.*

On January 20, 2026, Petitioner, proceeding *in forma pauperis*, initiated this second petition for writ of habeas corpus. Dkt. No. 1 (proposed petition), 7 (petition). Petitioner has also filed various miscellaneous motions. On January 20, 2026, Petitioner filed a Motion for Stay of Deportation Pending Final Adjudication Review. Dkt. No. 2. On January 23, 2026, Petitioner filed a motion to appoint counsel. Dkt. No. 8. And on April 2, 2026, Petitioner filed a motion for an order of release. Dkt. No. 19.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.

## III.    DISCUSSION

Petitioner asserts that his continued detention violates both the INA and the Due Process Clause of the Fifth Amendment to the United States Constitution. *See generally* Dkt. No. 7. Specifically, Petitioner asserts that his detention, which has been continuous since his arrest on January 20, 2023, is unlawful, because it exceeds the statutory maximum and represents a violation of due process. Dkt. No. 7 ¶¶ 9, 10. Respondents counter that the Office of Enforcement and Removal Operations ("ERO") "routinely removes" non-citizens who are under final orders of removal to El Salvador. Dkt. No. 15 at 9; Dkt. No. 7 ¶ 14. Respondents do not foresee any "difficulty in removing Petitioner to El Salvador once there is no longer a stay of removal." Dkt. No. 15 at 9; Dkt. No. 7 ¶ 14.

### A.    Detention under the INA

Petitioner is detained under 8 U.S.C. § 1226(a). Section 1226 provides a statutory framework for a non-citizen's arrest, detention, and release. 8 U.S.C. § 1226; 8 C.F.R.

ORDER ON WRIT OF HABEAS CORPUS – 4

§ 236.1(c)(8). Under Section 1226, the Government has discretion to determine whether the noncitizen may continue to be detained, may be released on bond, or released on conditional parole while their removal proceedings are pending. 8 U.S.C. § 1226(a).

Upon a noncitizen's arrest, under Section 1226(a), Immigration and Customs Enforcement ("ICE") makes the initial custody determination, and the non-citizen may request a redetermination at a bond hearing before an IJ. *See* 8 C.F.R. § 236.1(c)(8); 8 U.S.C. § 236(d)(1). When asking to be released on bond, detainees must present clear and convincing evidence why release is warranted. *Cousins v. Duke*, No. C17-1400, 2018 WL 934630, at *1 (W.D. Wash. Feb. 16, 2018) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). Detainees must show that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id.* "After an initial bond redetermination, a [non-citizen]'s request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the [non-citizen]'s circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). Detainees may appeal to the BIA if bond is denied. 8 C.F.R. § 236.1(d)(3). If the BIA affirms the IJ's decision, detainees may then seek relief from the district court through petitions for writ of habeas corpus. *See Leonardo v. Crawford*, 646 F.3d 1157, 1159–61 (9th Cir. 2011).

Under the framework provided by Section 1226, a noncitizen is "entitled to release if he can show that his detention is indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner does not allege that his detention is indefinite. *See generally* Dkt. No. 7.

Here, Petitioner is lawfully detained under Section 1226, because his removal proceedings are pending. 8 U.S.C. § 1226(c). Although Petitioner may seek release on bond, the record indicates that he has not availed himself of that process: Petitioner has not provided any evidence that he requested a bond-redetermination hearing before an IJ. *See* Dkt. No. 7 at 3–4;

*see also* 8 C.F.R. § 236.1(d)(1). Although Petitioner has appealed the IJ's denial of his asylum application and entry of removal order, Petitioner has not requested a new bond hearing for his release from detention while his removal proceedings are pending. *See generally* Dkt. 7.

## B.    Exhaustion of Administrative Remedies

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). Courts may waive the exhaustion requirement after considering whether: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citation modified). If these factors weigh in favor of requiring exhaustion, waiver may still be appropriate when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation modified).

Here, the *Puga* factors weigh in favor of requiring administrative exhaustion, and the administrative remedies available to Petitioner are not futile. *See Leonardo*, 646 F.3d at 1160 (holding that the detainee "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision"). First, the BIA has expertise in evaluating questions concerning Petitioner's removability. *See, e.g., Francisco Cortez v. Nielsen*, No. C19-754, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2019) (finding that "the BIA has a special expertise in reviewing the question of whether the bond record as a whole makes it substantially unlikely that the Department will prevail on [Petitioner]'s challenge to

removability") (citation modified). Second, allowing detainees to bypass the administrative remedies available to them by relaxing the exhaustion requirement in this case would impede judicial economy. *See, e.g.*, *Puga*, 488 F.3d at 815 (requiring prudential exhaustion because allowing the petitioner "to present his ineffective assistance of counsel claim for the first time before the district court would allow him to bypass the administrative scheme that is in place to deal with claims" like the petitioner's). The regulations governing Petitioner's detention provide for a bond re-determination hearing, which Petitioner has not sought. *See* 8 C.F.R. § 236.1(d). Lastly, Petitioner may find the relief he seeks if he requests a new bond hearing before an IJ and, if appropriate, appeals the IJ's determination to the BIA. *See* 8 C.F.R. §§ 236.1(d)(3)(i), 1003.19(e).

**C.      Due Process**

Courts consider the following factors to determine the requirements of due process:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Freedom from detention "lies at the heart of the liberty that [the Due Process] Clause protects." *Rodriguez v. Robbins*, 804 F.3d 1060, 1084–85, 1087 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018). The first *Mathews* factor implicates Petitioner's liberty interests—that is, his freedom from detention; however, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). As to the second *Mathews* factor, the risk of erroneous deprivation is diminished here because Petitioner did not utilize the administrative remedies available to him

ORDER ON WRIT OF HABEAS CORPUS – 7

when he withdrew from his bond redetermination hearing. *See* Dkt. No. 16 (Hubbard Declaration) ¶ 7. As to the final *Mathews* factor, the Government also has an important interest in ensuring Petitioner's removal will be expeditious upon entry of final order for removal. *See Mathews*, 424 U.S. at 347 (considering the "incremental cost resulting from the increased number of hearings and the expense of providing benefits to ineligible recipients pending decision"); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (concluding that "the government clearly has a strong interest in preventing [non-citizens] from remaining in the United States in violation of our law.") (citation modified). The *Mathews* factors weigh in favor of finding adequate due process when considering Petitioner's withdrawal of bond redetermination and his failure to request a new bond hearing. Therefore, Petitioner has not shown that his detention is in violation of due process.

**D.      Additional Motions**

Petitioner's first miscellaneous motion, which seeks a stay of removal pending this Court's resolution of the instant habeas petition, is moot.

As to his motion for appointment of counsel, "There is no constitutional right to counsel in federal habeas proceedings." *Paz-Valenzuela v. Warden of the Golden State Annex Detention Facility*, No. C25-1834, 2025 WL 3633540, at *1 (E.D. Cal. Dec. 15, 2025). But "[c]ourts may appoint an attorney for an 'impoverished habeas petitioner' when 'the interests of justice so require.'" *Avila-Hebra v. Noem*, No. C25-3140, 2025 WL 3190608, at *1 (S.D. Cal. Nov. 14, 2025) (quoting *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984)). "In this assessment, courts evaluate a petitioner's (a) 'likelihood of success on the merits' and (b) 'ability . . . to articulate [their] claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Here, Petitioner has not prevailed on the merits of his petition. Further, "Petitioner's proffered difficulties in presenting

ORDER ON WRIT OF HABEAS CORPUS – 8

this case without the assistance of counsel and arising from his status as a detained immigrant are shared with many other habeas petitioners." *Paz-Valenzuela*, 2025 WL 3633540, at *1. Therefore, Petitioner has not demonstrated that he is entitled to Court-appointed counsel.

Finally, Petitioner's motion for an order of release is duplicative of his petition for writ of habeas corpus. *Compare* Dkt. No. 19, *with* Dkt. No. 7.

*   *   *

In his first habeas petition, Petitioner was denied relief from this Court because he failed to exhaust his administrative remedies. *See Chavez*, 2024 WL 1661159 at *3. The same is true here. Additionally, as the facts currently stand, Petitioner has been afforded the due process protections that he is entitled to. Lastly, because his removal proceedings are ongoing, he is lawfully detained under § 1226.

## IV.   CONCLUSION

Accordingly, the Court ORDERS:

1.   Petitioner's petition for writ of habeas corpus (Dkt. No. 7) is DENIED.

2.   Petitioner's motion for stay of deportation (Dkt. No. 2) is DENIED AS MOOT.

3.   Petitioner's motion for appointment of counsel (Dkt. No. 8) is DENIED.

4.   Petitioner's motion for order of release (Dkt. No. 19) is DENIED.

Dated this 13th of April, 2026.

Tana Lin
United States District Judge

ORDER ON WRIT OF HABEAS CORPUS – 9